ERNEST ENGSTROM *v.* ROBERT NAAUAO,
SUPERINTENDENT, HAWAII STATE PRISON.

No. 4835.

OctobER 2, 1969.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON, JJ.,
AND CIRCUIT JUDGE KABUTAN IN PLACE OF
KOBAYASHI, J., DISQUALIFIED.

*Per Curiam.* Petitioner appeals from the decision and order of Judge Doi, First Circuit Court, entered on December 11, 1968, and a supplemental decision entered on December 16, 1968, denying his petition for a writ of habeas corpus.

Petitioner alleges that he is unlawfully detained and incarcerated because his conviction of first degree burglary in October 1962 (Criminal No. 32972 in First Circuit Court) was legally defective. However, his present incarceration rests not only on his conviction in Criminal No. 32972 but also on the following:

Mittimus issued on September 29, 1950, in Criminal No. 22554: sentence of 20 years.

Mittimus issued on January 6, 1956, in Criminal No. 28306: sentence of 20 years, concurrent with any other sentence.

Mittimus issued on August 17, 1965, in Criminal No. 34547: sentence of 20 years, consecutive to any other sentence.

Petitioner makes no allegations with respect to the above convictions and therefore is properly incarcerated.

However, we have reviewed his allegations with respect to his conviction in Criminal No. 32972 and find that his petition was properly denied.

Petitioner alleges that he was denied the assistance of counsel while he was interrogated in the police station in derogation of his rights under the fourteenth and sixth amendments of the United States Constitution. The right to counsel at interrogation while in custody announced in *Miranda* v. *Arizona*, 384 U.S. 436 (1966), is applicable only to trials begun after the date of the *Miranda* decision. *Johnson* v. *New Jersey*, 384 U.S. 719 (1966). Petitioner's trial began in 1962.

Petitioner alleges that he was denied the assistance of counsel at a police line-up. The right to counsel at police line-ups announced in *United States* v. *Wade*, 388 U.S. 218 (1967), is applicable only to trials begun after the date of the *Wade* decision. *Stovall* v. *Denno*, 388 U.S. 293 (1967).

Petitioner alleges that he was never taken before a district magistrate for arraignment, was never informed that bail was set for him, and preliminary hearing in his case was postponed twice without his consent. Even if his allegations are true, they do not provide a basis for setting aside his conviction. Arraignment in the district court on a felony complaint is for the purpose of affording preliminary hearing. Preliminary hearing is for the purpose of determining whether there is probable cause to warrant holding the accused for action by the grand jury. Once a grand jury has returned an indictment, there is no further need for a preliminary hearing. *State* v. *Tominaga,* 45 Haw. 604, 372 P.2d 356 (1962); *Vincent* v. *United States,* 337 F.2d 891 (8th Cir. 1964), *cert. denied,* 380 U.S. 988 (1965), *rehearing denied,* 381 U.S. 947 (1965). A preliminary hearing is not a constitutional requirement and is not a prerequisite to the issuance of a grand jury indictment. *United States* v. *Smith,* 343 F.2d 847 (6th Cir. 1965), *cert. denied,* 382 U.S. 824 (1965); *United States* v. *Luxenberg,* 374 F.2d 241 (6th Cir. 1967); *State* v. *Tominaga, supra.* The record here shows that petitioner was indicted by the grand jury.

Failure to arraign and to hold preliminary hearing in the district court pending indictment in the circuit court may provide ground for release from detention then, but does not infect the validity of conviction in the circuit court after arraignment there. The record here shows that petitioner was duly arraigned in the circuit court.

Petitioner alleges that his arrest and return to prison on a warrant issued by the Board of Paroles and Pardons and his detention in prison without his parole being revoked, from November 17, 1961, until his conviction and sentence in October 1962, in Criminal No. 32972 was an unconstitutional deprivation of due process. The Board revoked petitioner's parole on January 25, 1963, on the

basis of his conviction and sentence to imprisonment in Criminal No. 32972. While the delay in revoking parole might have been unduly long, the delay does not vitiate his present incarceration pursuant to the 1962 conviction.

Petitioner requested assistance of counsel in the court below. The request was denied. He has made a similar request on this appeal. We also deny the request. The constitutional right to assistance of counsel under the sixth amendment of the United States Constitution, does not apply to habeas corpus proceedings. The petition here is one for post-conviction collateral remedy. Appointment of counsel for an indigent in such proceedings is discretionary with the court. Appointment may be properly made if the petition raises substantial issues which require marshalling of evidence and logical presentation of contentions. *LaClair* v. *United States,* 374 F.2d 486 (7th Cir. 1967); *Dillon* v. *United States,* 307 F.2d 445 (9th Cir. 1962); *People* v. *Shipman,* 62 Cal.2d 226, 42 Cal. Rptr. 1, 397 P.2d 993 (1965). No such issue has been raised in the petition in this case.

Appeal is dismissed.

*Ernest Engstrom,* appellant, in person.