STATE OF HAWAII, Plaintiff-Appellee *v.* MELVIN LEVI, Defendant-Appellant and RAY TACHIBANA, Defendant

NO. 9034

(CRIMINAL NO. 56310)

AUGUST 3, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

## OPINION OF THE COURT BY LUM, C.J.

This is an appeal by Defendant-Appellant Melvin Levi from a conviction of first degree murder under former Hawaii Revised Statutes (HRS) § 748-1. The conviction was as a result of the murder of Gordon Scott in 1969. We conclude that the trial court did not commit error in refusing to dismiss the indictment because of a 31-month pre-indictment delay. However, we conclude that the trial court did commit reversible error in admitting into evidence confidential marital communications. We reverse and remand for a new trial.

### I.

On April 17, 1969, a grossly decomposed corpse, later identified as Gordon Scott, was found near Waiawa Naval Station. Due to the advanced state of decomposition, no determination was made at that time as to whether the death was caused by foul play.

In 1978, Susan Kucinski, Levi's former wife, contacted police in Palo Alto, California, and said she would be willing to implicate Levi and another man, Dr. Ray Tachibana, in the death of Gordon Scott, but would only testify at a trial if a strong case could be made. The Honolulu Police Department was called in, but left the matter pending under the assumption that most of Kucinski's testimony would be inadmissible. Thirty-one months after Kucinski reported the murder to the police, an indictment was returned against Levi.

At trial, Kucinski testified to various conversations made by Levi concerning the killing. These conversations fall into three

situations. In the first, Kucinski testified to conversations which were made in her presence during two meetings between Levi and Tachibana where Scott's murder was planned. In the second, she testified to conversations that took place in the privacy of their home without anyone present. During this conversation, Levi told Kucinski the explicit details of the killing, stating that he had beaten Scott into unconsciousness, that he and Tachibana had then taken Scott to a banana patch where Levi let Tachibana drive a tire iron through Scott's neck to give Tachibana "the satisfaction of killing the man that was going out with his wife." In the third, Kucinski testified that she was present on several occasions when Levi "bragged" about his involvement in the Scott murder to friends while drinking in a bar. Each of these instances occurred while Kucinski and Levi were married to each other.

## II.

Levi contends that his due process rights were violated by the 31-month pre-accusatory delay.

In order to obtain a dismissal based on pre-indictment delay, the defendant must show that the delay caused him substantial prejudice. *United States v. Marion,* 404 U.S. 307 (1971). A showing of memory loss, without more, is insufficient to meet the burden of showing substantial prejudice. *State v. Bryson,* 53 Haw. 652 (1972).

Levi failed to make any showing of actual prejudice, but instead relies on the presumption that a 31-month delay will cause obvious memory loss. We hold that this contention, by itself, is insufficient to meet the burden stated in *Marion* and *Bryson* and uphold the trial court's denial of the motion to dismiss.

## III.

Appellant contends that in all three situations, Levi's conversations were confidential marital communications and therefore inadmissible under Rule 505, Hawaii Rules of Evidence (HRE), which provides:

*Spousal privilege.* (a) Criminal proceedings. In a criminal proceeding, the spouse of the accused has a privilege not to

testify against the accused. This privilege may be claimed only by the spouse who is called to testify.

    (b) Confidential marital communications; all proceedings.

    (1) Definition. A "confidential marital communication" is a private communication between spouses that is *not intended for disclosure to any other person.* (Emphasis added.)

    (2) Either party to a confidential marital communication has a privilege to refuse to disclose and to prevent any other person from disclosing that communication.

    (c) Exceptions. There is no privilege under this rule (1) in proceedings in which one spouse is charged with a crime against the person or property of (A) the other, (B) a child of either, (C) a third person residing in the household of either, or (D) a third person committed in the course of committing a crime against any of these, or (2) as to matters occurring prior to the marriage.

Under our former statutes,[1] the privilege allowing a spouse to refuse to divulge information imparted by the other was extended to all communications, regardless of their confidentiality. Under Rule 505, however, the communication to be privileged must have been intended to be confidential. Marital communications are presumed to be confidential, but the presumption may be overcome by proof of facts showing they were not intended to be confidential. *Pereira v. United States,* 347 U.S. 1, 6 (1954); *Blau v. United States,* 340 U.S. 332 (1951). For example, the presence of a third party negates any presumption of privacy. *Picciurro v. United States,* 250 F.2d 585 (1958).

In the case at bar, we conclude that Kucinski's testimony on conversations in situations (1) and (3) are not confidential since the presence of third parties negates any intention of confidentiality. We conclude, however, that the conversation in situation (2), which was solely between Kucinski and Levi, is confidential.

The government argues that the privilege was lost by the other statements made by Levi implicating himself in the killing. We

---

[1] According to the Rule's Commentary, HRE 505 was enacted, in part, to better define, as well as to supersede, former HRS §§ 621-18 (1976) and 621-19 (1976) both of which were repealed in 1980.

cannot agree. The issue here is not one of waiver. The issue is simply whether at the time the statements were made, they were intended not for disclosure to others. We cannot conclude, upon examination of the record, that the other statements established evidence to the contrary to overcome the presumption that the conversation between husband and wife alone is confidential.

Upon examination of the record, we conclude that the error of admitting the private conversation between Levi and Kucinski might reasonably have contributed to the conviction. The error was therefore not harmless beyond a reasonable doubt. *State v. Perez*, 64 Haw. 232 (1981). On this basis, we reverse and remand the case for a new trial.

*Logan Young (Alvin T. Sasaki* on the brief), Deputy Public Defenders for defendant-appellant.

*Shirley Smith,* Deputy Prosecuting Attorney *(Arthur E. Ross,* Deputy Prosecuting Attorney, and *Lynn L. Hodgson,* Law Clerk, on the brief) for plaintiff-appellee.