75 P.3d 1173

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Melvin D. LEVI, Defendant–Appellant.**

No. 24469.

Supreme Court of Hawai'i.

Aug. 26, 2003.

Melvin D. Levi, defendant-appellant, on the briefs, pro se.

Daniel H. Shimizu, Deputy Prosecuting Attorney, City and County of Honolulu, on the briefs, for plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, ACOBA, and DUFFY, JJ.

Opinion of the Court by ACOBA, J.

We hold that: (1) the January 1, 1987 repeal of language in Hawai'i Revised Statutes (HRS) § 706–606(b) (Supp.1982) authorizing a court to impose a sentence of life imprisonment with the possibility of parole for murder in cases other than described in HRS § 706–606(a) (Supp.1982) did not invalidate any such sentence imposed prior to the repeal date; (2) with the January 1, 1987 repeal of the language in HRS 707–701 (Supp.1973), murder is no longer classified as a class A felony; (3) the appointment of counsel in a motion pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 35 [1] hinges on a demonstration of "substantial issues"; and (4) a valid claim of judicial bias and prejudice requires more than a recitation of an adverse ruling by the lower court. The

foregoing propositions support the July 30, 2001 order by the circuit court of the first circuit (the court) [2] denying the HRPP Rule 35 motion brought by Defendant–Appellant Melvin D. Levi (Defendant) to reduce his sentence of life imprisonment with the possibility of parole to twenty years' imprisonment.

## I.

The facts and procedural history involving Defendant's prior conviction are undisputed. On October 29, 1981, Defendant was charged with murder in the first degree, HRS §§ 748–1 (1968) and 748–4 (1968),[3] for the killing of Gordon G. Scott on or between January 1, 1969 and April 17, 1969. The Hawai'i Penal Code (HPC) took effect on January 1, 1973, see 1972 Haw. Sess. L. Act 9, § 1, at 32, and HRS § 706–606(b) (Supp. 1973) established life imprisonment or twenty years as the sentence for murder in cases other than those described in HRS 706–606(a) (Supp.1973).[4] The twenty-year sen-

1. The prior version of HRPP Rule 35, effective October 15, 1980, read as follows:

   *The court may correct an illegal sentence at any time* and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 90 days after the sentence is imposed, or within 90 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 90 days after entry of any order or judgment of the Supreme Court of the United States denying review of, or having the effect of upholding a judgment of conviction. A motion to correct or reduce a sentence which is made within the time period aforementioned shall empower the court to act on such motion even though the time period has expired. The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence. (Emphasis added.)

2. The Honorable Marie N. Milks considered Defendant's HRPP Rule 35 motion.

3. HRS § 748–1 stated as follows:

   **Murder, first degree.** Murder in the first degree is the killing of any human being without authority, justification, or extenuation by law done:
   (1) With deliberate premeditated malice aforethought; or
   (2) With malice aforethought and with extreme atrocity or cruelty; or

   (3) In the commission of or attempt to commit or the flight from the commission of or attempt to commit arson, rape, robbery, burglary, or kidnapping.

   HRS § 748–4 stated in pertinent part:
   **Penalties.** *Whoever is guilty of murder in the first degree shall be punished by imprisonment at hard labor for life not subject to parole.* (Emphasis added.)

4. HRS § 706–606 (Supp.1973) stated, in relevant part, as follows:

   **Sentence for offense of murder.** The court shall sentence a person who has been convicted of murder to an indeterminate term of imprisonment. In such cases the court shall impose the maximum length of imprisonment as follows:
   (a) Life imprisonment without possibility of parole in the murder of:
   (i) A peace officer while in the performance of his duties, or
   (ii) A person known by the defendant to be a witness in a murder prosecution, or
   (iii) A person by a hired killer, in which event both the person hired and the person responsible for hiring the killer shall be punished under this subsection, or
   (iv) A person while the defendant was imprisoned.
   . . . .
   (b) *Life imprisonment with possibility of parole or twenty years as the court determines, in all other cases.*

tencing option in HRS § 706–606(b) was repealed on April 22, 1981.[5]

Defendant was found guilty of murder on September 24, 1982. On December 16, 1982, Defendant filed a motion pursuant to HRS 701–101 (1972) of the HPC,[6] requesting that he be sentenced under HRS § 706–606(b) (Supp.1982) of the Code. *See supra* note 4. On December 20, 1982, at a hearing on said motion, counsel for Defendant argued that Defendant "ought to be allowed the advantage of the new [HPC's] more enlightened sentencing provisions [for offenses committed before the HPC's effective date] in light of a legislative determination that they are preferable to the old." Counsel requested that Defendant "be given life with possibility of parole," as provided for under HRS § 706–606(b). The court denied Defendant's motion, maintaining that it was "necessary for deterrent reasons, as well as in keeping with legislative intent, that [Defendant] be sentenced under the old law [ (HRS § 748–4) ] to life imprisonment not subject to parole[.]" The court entered its judgment and sentence that day.

On December 23, 1982, Defendant appealed to this court. On August 3, 1984, this court reversed Defendant's conviction and remanded for a new trial. *See State v. Levi,* 67 Haw. 247, 251, 686 P.2d 9, 11 (1984). On December 26, 1984, a jury again found Defendant guilty of murder in the first degree. On February 15, 1985, Defendant was sentenced to "[l]ife imprisonment at hard labor without the possibility of parole," [7] apparently in accordance with HRS § 748–4. *See supra* note 3. On February 28, 1985, Defendant again appealed to this court.

On December 20, 1985, this court affirmed Defendant's conviction but remanded for resentencing. The memorandum opinion stated that the parties had "agree[d] that the trial court was in error in concluding that it lacked judicial discretion to sentence appellant under the new [HPC]" and that "the case must be remanded for sentencing." On April 14, 1986, the court resentenced Defendant "to the custody of the Director of the Department of Social Services and Housing, OAHU COMMUNITY CORRECTIONAL CENTER, for imprisonment for a period of Life, subject to possibility of parole." This presumably was done pursuant to HRS § 706–606(b) (Supp.1982). *See supra* note 5. On January 1, 1987, subsequent to Defendant's resentencing, the text of HRS § 706–606 was repealed in its entirety and replaced with new language relating to factors to be considered in imposing a sentence. *See* 1986 Haw. Sess. L. Act 314, § 15, at 599–600.

On June 20, 2001, Defendant filed a motion for correction of illegal sentence pursuant to HRPP Rule 35. Defendant claimed that the offense of murder for which he was convicted and sentenced was defined by HRS § 707–701 (Supp.1986) [8] as a class A felony, with

(Emphasis added.)

5. The legislature repealed the twenty-year sentencing option as follows:
> (b) Life imprisonment with possibility of parole [or twenty years as the court determines,] in all other cases.

1981 Haw. Sess. L. Act 27, § 1, at 46 (repealed statutory material in brackets).

6. The original version of HRS § 701–101 read in pertinent part as follows:
> (2) *In any case pending on* or commenced after *the effective date of this Code,* involving an offense committed before that date:
> . . . .
> (b) Upon the request of the defendant and the approval of the court:
> . . . .
> (ii) *The court may impose a sentence* or suspend imposition of a sentence *under the provisions of this Code* applicable to the offense and the offender.

1972 Haw. Sess. L. Act 9, § 1, at 33 (emphases added).

7. On June 20, 2001, as a supplement to his motion to correct sentence, Defendant submitted a "Defendant's Traverse in Support of HRPP Rule 35." In that document, Defendant erroneously stated that he was sentenced on February 15, 1985 to life in prison with the possibility of parole, in contradiction of the State's account. Defendant does not make this claim in the opening and reply briefs to this court.

8. As originally enacted in 1972, HRS § 707–701 stated as follows:
> Murder. (1) Except as provided in section 707–702, a person commits the offense of murder if he intentionally or knowingly causes the death of another person.
> (2) *Murder is a class A felony for which the defendant shall be sentenced to imprisonment as provided in section [706-]606.*

sentencing guidelines to be applied as stated in the newly revised HRS § 706–606 (Supp. 1987). Defendant then cited HRS § 706–660 (Supp.1973),[9] which provided for a twenty-year prison term for conviction of a class A felony. Hence, Defendant maintained that his life sentence for murder was illegal and must be reduced to twenty years. On July 30, 2001, the court entered an order denying Defendant's motion without a hearing. The court noted, *inter alia*, that in 1981 the state legislature amended HRS § 706–606 "by eliminating the sentencing option of twenty years as a possible sentence for a conviction of the offense of murder, resulting in life imprisonment with possibility of parole as the only sentence for a conviction of the offense of murder at the time Defendant's sentence was imposed." As a result, the court concluded that Defendant's allegation of an illegal sentence was "incorrect."

## II.

On appeal, Defendant appears to allege four points: (1) Defendant's original sentence is illegal under current Hawai'i law; (2) the court abused its discretion in not affording counsel for Defendant's motion; (3) the court exhibited bias and prejudice against Defendant; and (4) the court disregarded laws and legislative acts in its decision.

This court "may freely review conclusions of law and the applicable standard of review is the right/wrong test. A conclusion of law that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." *Dan v. State,* 76 Hawai'i 423, 428, 879 P.2d

528, 533 (1994) (citations and internal quotation marks omitted). As to statutory interpretation, it is "a question of law reviewable *de novo.*" *State v. Arceo,* 84 Hawai'i 1, 10, 928 P.2d 843, 852 (1996) (quoting *State v. Camara,* 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996) (citation omitted)). In interpreting a statute,

> [a court's] foremost obligation is to ascertain and give effect to the intention of the legislature, which is to be obtained primarily from the language contained in the statute itself. And where the language of the statute is plain and unambiguous, [a court's] only duty is to give effect to [the statute's] plain and obvious meaning.

*State v. Wells,* 78 Hawai'i 373, 376, 894 P.2d 70, 73 (1995) (citations, brackets, and internal quotation marks omitted).

Defendant appears to make the same argument with respect to issues (1) and (4). This and issues (2) and (3) are considered in turn.

## III.

■ As to issues (1) and (4), Defendant contends that his April 14, 1986 sentence is now incorrect because (1) Act 314, Session Laws of Hawai'i 1986 (Act 314) permits him to "collaterally attack his sentence now in this day and age," [10] (2) his present sentence which was imposed pursuant to HRS § 706–606 (Supp.1986) is illegal because that version of the statute was repealed by Act 314,[11] and (3) "the only recourse" is to sentence Defendant to a twenty-year term as set forth in HRS § 706–659 (Supp.2002),[12] because this

---

1972 Haw. Sess. L. Act 9, § 1 at 86 (emphasis added). On January 1, 1987, HRS § 707–701 was amended and all of the text reproduced above was repealed. *See* 1986 Haw. Sess. L. Act 314, § 49, at 615–17. As a result, murder was no longer defined as a class A felony.

9. The 1973 version of HRS § 706–660 provided in pertinent part:

**Sentence for imprisonment for felony; ordinary terms.** A person who has been convicted of a felony may be sentenced to an indeterminate term of imprisonment. When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be as follows:
(1) *For a class A felony–20 years[.]*

1972 Haw. Sess. L. Act 9, § 1, at 79 (emphasis added).

10. Defendant cites to HRS §§ 701–100 and 701–101(2) (1993), which make explicit reference to Act 314. § 701–100 states:

Title 37 shall be known as the Hawai'i Penal Code. Amendments made to this Code by Act 314, Session Laws of Hawai'i 1986, shall become effective on January 1, 1987.

See discussion *infra* regarding HRS § 701–101.

11. *See* 1986 Haw. Sess. L. Act 314, § 15, at 599–600 (discussion, *infra*).

12. HRS § 706–659 provides, in pertinent part:
**Sentence of imprisonment for class A felony.** Notwithstanding part II; sections 706–605,

statute establishes the current sentence for a class A felony.[13]

## A.

Act 314 took effect on January 1, 1987. Its purpose was "to update the Hawai'i penal code[.]" Hse. Stand. Comm. Rep. No. 487, in 1985 House Journal, at 1215. The Act contained "comprehensive amendments that would refine the [HPC] rather than propose widesweeping reform." Hse. Conf. Comm. Rep. No. 51–86, in 1986 House Journal, at 937. Act 314 amended HRS § 701–101 to read as follows:

**Applicability to offenses committed before the effective date of amendments.** (1) *Except as provided in subsection (2), amendments made by Act 314, Session Laws of Hawai'i 1986, to this Code do not apply to offenses committed before the effective date of Act 314.... Prosecutions for offenses committed before the effective date of Act 314[ ] are governed by the prior law, which is continued in effect for that purpose, as if amendments made by Act 314 ... to this Code were not in force.* For purposes of this section, an offense is committed before the effective date of Act 314 ... if any of the elements of the offense occurred before that date.

(2) *In any case pending on or commenced after the effective date of amendments made by Act 314,* Session Laws of Hawai'i 1986, to this Code, *involving an offense committed before that date* upon the request of the defendant, and subject to the approval of the court, the provisions

of chapter 706 amended by Act 314 ... *may be applied* in particular cases.

HRS § 701–101 (Supp.1987) (emphases added). Defendant committed the offense in 1969, before the effective date of Act 314. Thus, under HRS § 701–101(1), Act 314 is inapplicable to Defendant's case "[e]xcept as provided in [HRS § 701–101](2)." HRS § 701–101(2) in turn allows the sentencing provisions of HRS chapter 706 as amended, to be applied (1) as to any case concerning any offense committed before January 1, 1987, (2) if the case is pending on (3) or commenced after January 1, 1987(4) upon the request of the defendant and (5) subject to the discretion and approval of the court.

■ As mentioned, Defendant's offense took place in 1969, well before January 1, 1987. Hence, Act 314 would not apply to Defendant's case unless the conditions set forth in HRS § 701–101(2) are satisfied. In that regard, Defendant was last sentenced on April 14, 1986. Plainly, therefore, his case was no longer "pending" on January 1, 1987, nor had his case commenced after that date. Defendant, therefore, did not qualify for any perceived dispensation extended under HRS § 701–101(2).

Hence, Defendant's case did not come within the parameters of HRS § 701–101(1) (prosecutions commenced after January 1, 1987) or HRS § 701–101(2) (cases pending on or commenced after January 1, 1987). As indicated in HRS § 701–101, then, Defendant's case is "governed by the prior law ... as if amendments made by Act 314 to [the] Code were not in force."

706–606, 706–606.5, 706–660.1, 706–661, and 706–662; and any other law to the contrary, *a person who has been convicted of a class A felony,* except class A felonies defined in chapter 712, part IV, *shall be sentenced to an indeterminate term of imprisonment of twenty years* without the possibility of suspension of sentence or probation.
(Emphases added.) We observe that Defendant altered his argument on appeal to refer to the current sentencing statute for a class A felony, HRS § 706–659, as opposed to HRS § 706–660 (Supp.1973), *see supra* note 9. In *Bitney v. Honolulu Police Dept.*, 96 Hawai'i 243, 30 P.3d 257 (2001), this court held that "[a]ppellate courts will not consider an issue not raised below unless justice so requires." *Id.* at 251, 30 P.3d at 265

(internal brackets and citations omitted). In making that determination, "this court must decide whether consideration of the issue requires additional facts; whether the resolution of the question will affect the integrity of the findings of fact of the trial court; and whether the question is of great public importance." *Id.* (internal quotation marks and citations omitted). This issue is addressed in the interest of justice.

13. Defendant's claim that he "was not convicted for 1st or 2d degree murder, but actually convicted as a class 'A' felony," is incorrect. As noted previously, the record clearly indicates that Defendant was found guilty of murder in the first degree on December 26, 1984.

## B.

■ Moreover and perhaps more to the point, this court has held that a change to the law, such as a repeal, has no bearing on previous applications of the prior law absent legislative expression to the contrary. *See Hun v. Center Properties*, 63 Haw. 273, 282, 626 P.2d 182, 188–89 (1981) (indicating that an amendment "could be retrospectively applied, *provided the retrospective operation of the statute was expressly or obviously intended*" (emphasis added)). *See generally United States v. Woods*, 986 F.2d 669, 674 (3rd Cir.1993) ("Our legal system has a strong interest in the finality of adjudication. Accordingly, we do not apply new judicial decisions retroactively without substantial justification.").

Defendant's reliance on *Davis v. United States*, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), is misplaced. In *Davis*, it was held that a petitioner, in a motion attacking a sentence, could raise the issue of an intervening change in law subsequent to his conviction and direct appeal. *Id.* at 346–47, 94 S.Ct. 2298. However, the United States Supreme Court "express[ed] no view on the *merits* of the petitioner's claim[.]" *Id.* at 347, 94 S.Ct. 2298 (emphasis added). In the instant case, the merits of Defendant's HRPP Rule 35 motion have been fully considered by the court and this court.

Defendant's reference to *Kaiser Found. Health Plan, Inc. v. Department of Labor & Indus. Relations*, 70 Haw. 72, 762 P.2d 796 (1988) is also inapposite. In *Kaiser*, this court had held that "[i]n the absence of clear legislative intent to the contrary, repeal means the statute or statutory provision no longer exists." *Id.* at 83, 762 P.2d at 802 (citations omitted). It was not held that a repeal of a law had any bearing on *past* applications of that law. We discern no legislative intent or expression in Act 314 indicating that the repeal of the life sentencing language in HRS § 706–606 on January 1, 1987 rendered any sentence previously imposed thereunder invalid. Accordingly, we conclude that Defendant was correctly sentenced on April 14, 1986 under the prior law set forth in HRS § 706–606 (Supp.1986).[14]

■ Further, it should be noted that until it was repealed on January 1, 1987, HRS § 707–701 (Supp.1973) described murder as a class A felony. But that provision also directed that a defendant "shall be sentenced to imprisonment as provided in [HRS § ] 706–606." The alternative of a twenty-year sentence for murder in HRS § 706–606 was repealed on April 22, 1981; before Defendant was found guilty of murder in his first trial on September 29, 1982. Thus, after April 22, 1981 and at the time of Defendant's last sentencing on April 14, 1986, HRS § 706–606(b) required the court to impose a sentence of life imprisonment with the possibility of parole, the very sentence given Defendant. Because murder is no longer designated as a class A felony, HRS § 706–659 would not apply to Defendant. *See supra* note 14.

## IV.

■ As to issue (2), Defendant cites HRS § 802–1 (1993),[15] which describes an indigent

---

14. Assuming, *arguendo*, that Defendant were to be sentenced under current guidelines, HRS § 706–659 would not apply, inasmuch as murder is no longer defined as a class A felony. *See supra* note 8. Defendant's sentence would be imposed in accordance with HRS § 706–656 (1993), which states in relevant part:

  **Terms of imprisonment for first and second degree murder and attempted first and second degree murder.** (1) Persons convicted of first degree murder or first degree attempted murder *shall be sentenced to life imprisonment without possibility of parole.*

  . . . .

  (2) Except as provided in section 706–657, pertaining to enhanced sentence for second degree murder, persons convicted of second degree murder and attempted second degree murder *shall be sentenced to life imprisonment with possibility of parole.*

  . . . .

  (Emphases added.) Thus, a murder conviction is still punishable by a sentence of life imprisonment, not a twenty-year sentence as Defendant argues.

15. HRS § 802–1 (1993) reads in pertinent part:

  **Right to representation by public defender of other appointed counsel.** Any indigent person who is (1) arrested for, charged with or convicted of an offense or offenses punishable by confinement in jail or prison or for which such person may be or is subject to the provisions of chapter 571; or (2) threatened by

person's right to representation by the public defender or other appointed counsel. In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), the United States Supreme Court held that the federal constitutional right to counsel does not extend to post-conviction challenges:

We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. *We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, a fortiori, he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.*

*Id.* at 555, 107 S.Ct. 1990 (internal citations omitted) (emphasis added); *see also Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989) (extending the rule in *Finley* to post conviction proceedings involving indigent death row inmates). This court, however, has held that counsel may be appointed in post conviction proceedings at the discretion of the court.[16] In *Engstrom v.*

*Naauao*, 51 Haw. 318, 459 P.2d 376 (1969), this court stated in relevant part:

The constitutional right to assistance of counsel under the sixth amendment of the United States Constitution, [sic] does not apply to habeas corpus proceedings. *The petition here is one for post-conviction collateral remedy. Appointment of counsel for an indigent in such proceedings is discretionary with the court. Appointment may be properly made if the petition raises substantial issues* which require marshalling of evidence and logical presentation of evidence and logical presentation of contentions. No such issue has been raised in the petition in this case.

*Id.* at 321, 459 P.2d at 378 (citations omitted) (emphasis added).

Defendant has not demonstrated the need for a court-appointed attorney. As noted above, the question in the instant case is one of law and readily answerable with respect to sentencing under prior law. As in *Engstrom*, the instant case lacks "substantial issues" that would support the appointment of counsel for Defendant. Therefore, even assuming Defendant's inability to pay the costs of the proceedings or to afford counsel, we cannot say under these circumstances that the court abused its discretion in denying

confinement, against the indigent person's will, in any psychiatric or other mental institution or facility; or (3) the subject of a petition for involuntary outpatient treatment under chapter 334 shall be entitled to be represented by a public defender. If, however, conflicting interests exist, or if the public defender for any other reason is unable to act, or if the interests of justice require, the court may appoint other counsel.

16. HRPP Rule 40, also governing post-conviction proceedings, describes the conditions under which appointment of counsel is required in the event a Rule 40 motion is brought:

    (a) **Proceedings and grounds.** The post-conviction proceeding established by this rule shall encompass all common law and statutory procedures for the same purpose, including habeas corpus and coram nobis; provided that the foregoing shall not be construed to limit the availability of remedies in the trial court or on direct appeal. Said proceeding shall be applicable to judgments of conviction and to custody based on judgments of conviction, as follows:

    (1) **From judgment.** At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds:

    . . . .

    (iii) *that the sentence is illegal;*

    . . . .

    (i) **Indigents.** If the petition alleges that the petitioner is unable to pay the costs of the proceedings or to afford counsel, the court shall refer the petition to the public defender for representation as in other penal cases; *provided that no such referral need be made if the petitioner's claim is patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner.*

(Emphases added.) *See Dan*, 76 Hawai'i at 423–33, 879 P.2d at 528–38 (denying a request for counsel to assist with a Rule 40 petition because petitioner failed to establish his indigency and to state a claim demanding further action by the court).

counsel. *Cf. Fraser v. Commonwealth*, 59 S.W.3d 448, 452–53 (Ky.2001) (noting that for an indigent's motion to correct sentence under Kentucky state law, "the trial judge shall determine whether the allegations [ ] can be resolved on the face of the record, in which event an evidentiary hearing is not required" and that "[i]f an evidentiary hearing is not required, counsel need not be appointed, because appointed counsel would be confined to the record" (internal quotation marks, brackets, and citations omitted)).

## V.

 Finally, as to issue (3), Defendant argues that the court was "biased and prejudice[d]" against him because (a) it failed to appoint him counsel, (b) other appellants (presumably raising similar issues) were appointed counsel, (c) it gave "more credible consideration" to the State's position, and (d) it did not administer the laws fairly and impartially.

Defendant does not present any relevant facts indicating bias or prejudice of a personal nature. *See Aga v. Hundahl*, 78 Hawai'i 230, 242, 891 P.2d 1022, 1034 (1995) ("Appellants offer no proof of the trial judge's alleged bias against them other than the circumstantial evidence of the court's adverse rulings. Such evidence, without more, is insufficient to support a claim of judicial bias." (Internal footnote omitted.)) In light of our conclusion that the court was correct with regard to appointment of counsel, and in the absence of any specific allegation of personal bias or prejudice, we find no error with respect to the matters set forth in items (a) and (b). Defendant's arguments involving matters (c) and (d) simply take issue with the court's substantive analysis, which we consider correct for the reasons indicated above. Consequently, we hold that Defendant's allegations as to bias and prejudice cannot be sustained.

## VI.

For the foregoing reasons, Defendant has failed to demonstrate that his 1986 sentence for murder in any way violated the law. Accordingly, we affirm the court's order denying Defendant's motion for correction of illegal sentence pursuant to HRPP Rule 35.