**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000410
10-JAN-2025
07:56 AM
Dkt. 52 SO**

NO. CAAP-22-0000410

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DEXTER J. SMITH, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1PR161000009; 1PC121001834)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Wadsworth and Guidry, JJ)

Self-represented Petitioner-Appellant Dexter J. Smith (**Smith**) appeals from the "Order Denying Hawai'i Rules of Penal Procedures [(**HRPP**)] Rule 47 Motion [(**Rule 47 Motion**)] and Motion for Appointment of Counsel" (**Order**), entered on May 25, 2022 by the Circuit Court of the First Circuit (**circuit court**).[1]

---

[1]     The Honorable Christine E. Kuriyama presided.

The Rule 47 Motion arose from Smith's conviction for Kidnapping in violation of Hawaii Revised Statutes (**HRS**) §§ 707-720(1)(d) and/or -720(1)(e) (Supp. 2012). Smith appealed from his conviction, and this court affirmed. State v. Smith, No. CAAP-13-0005660, 2015 WL 1070756 (Haw. App. Mar. 11, 2015) (SDO).

On May 17, 2016, Smith filed his Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Petition**), asserting thirteen grounds in support of his Petition. The circuit court dismissed the Petition, finding "the allegations and arguments raised by [Smith] to be without merit, patently frivolous, and without a trace of support either in the record or from anything submitted by [Smith]." On January 12, 2017, the circuit court entered a "Second Amended Order Dismissing Amended Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody Without a Hearing" (**Petition Order**). Smith appealed, arguing that appellate counsel in his direct appeal provided ineffective assistance by failing to argue prosecutorial misconduct, and that there was insufficient evidence to support his conviction. Smith v. State, No. CAAP-17-0000068, 2019 WL 2482109, at *1 (Haw. App. June 14, 2019). This court affirmed. Id. at *4.

2

On November 29, 2021, Smith filed the Rule 47 Motion. Smith contended that the circuit court abused its discretion in dismissing the Petition, and in failing to explain its reasoning. The State did not file a response. On May 25, 2022, the circuit court denied the Rule 47 Motion, and ruled that, pursuant to HRPP Rule 40(a)(3), Smith's claims had already been ruled upon and/or waived.

This appeal followed. On appeal, Smith appears to raise four points of error: (1) the circuit court erred in denying the Rule 47 Motion before the State could file a response; (2) it was plain error to deny the Rule 47 Motion because Smith's claims are exempt from HRPP Rule 40(a)(3); (3) the Order withdrew "potentially meritorious defenses against any waiver" and the circuit court is the "extraordinary circumstances" to justify Smith's failure to raise issues in the Petition; and (4) the circuit court erred in denying the Petition without entering findings of fact (**FOF**) and conclusions of law (**COL**).

At the outset, we address the State's contention that this court lacks jurisdiction because the Order is not appealable. We disagree. The circuit court construed Smith's Rule 47 Motion as a nonconforming HRPP Rule 40 petition, and denied relief pursuant to HRPP Rule 40(a)(3). The circuit court

3

found that Smith had "already raised or failed to raise the issues" in the Petition, and did not establish "extraordinary circumstances justifying [his] failure to raise the issues." Moreover, Smith's Rule 47 Motion states that it was made, in relevant part, pursuant to HRPP Rule 40. Smith also represented, in his reply brief, that the Rule 47 Motion is a nonconforming HRPP Rule 40 petition, and that Rule 33 of the Rules of the Circuit Courts of the State of Hawaiʻi allows for the Rule 47 Motion to be interpreted under HRPP Rule 40. Thus, this court construes Smith's appeal as being taken from an appealable written order denying a nonconforming HRPP Rule 40 petition. See Grattafiori v. State, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995) ("According to HRPP Rule 40(h), appeals from proceedings for post-conviction relief may be made 'from a judgment entered in the proceeding.'").

We therefore consider Smith's points of error in turn. Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Smith's points of error as follows:

(1) The circuit court did not err by entering the Order without a response from the State. As explained supra, the circuit court properly construed the Rule 47 Motion as a

nonconforming HRPP Rule 40 petition. HRPP Rule 40(d) states that "the respondent *may* answer or otherwise plead, but the court *may* require the State to answer at any time." (Emphasis added.) Thus, a response from the State was not necessary.

(2) We review de novo Smith's contention that his claims are exempt from HRPP Rule 40(a)(3), and are therefore not waived, because his conviction was invalid and his sentence was illegal. See Maddox v. State, 141 Hawaiʻi 196, 202, 407 P.3d 152, 158 (2017). As discussed infra, Smith's conviction was valid, and his failure to raise the "[p]lain [e]rrors" in an ineffective assistance of trial counsel claim resulted in a waiver pursuant to HRPP Rule 40(a)(3).

(3) The Order and Petition Order did not withdraw "potentially meritorious defenses against the waiver of the issues" in the Rule 47 Motion. This court previously ruled upon Smith's claim for ineffective assistance of appellate counsel, and therefore, further relief is not available here. Smith, 2019 WL 2482109, at *3—4; see HRPP Rule 40(a)(3). And Smith has not demonstrated the requisite "extraordinary circumstances" to justify his failure to raise the claim in the Petition. See HRPP Rule 40(a)(3).

The circuit court's denial of the Rule 47 Motion and the Petition did not constitute "extraordinary circumstances."

Smith contends that the circuit court's Petition Order denied Smith "referral to another counsel pursuant to HRPP Rule 40(i),"[2] thereby preventing him from filing a supplemental petition pursuant to HRPP Rule 40(e) to raise the issues that were raised in the Rule 47 Motion. Smith did not request counsel for the Petition. The circuit court did not abuse its discretion in these circumstances. See Lankford v. State, No. CAAP-19-0000008, 2021 WL 1174584, at *1 (Haw. App. Mar. 29, 2021) (SDO) (citing State v. Levi, 102 Hawaiʻi 282, 288, 75 P.3d 1173, 1179 (2003)) (explaining that a court has discretion in appointing counsel in post-conviction proceedings).

Moreover, the Hawaiʻi Rules of Professional Conduct, which govern attorney conduct in Hawaiʻi, and Tagupa v. VIPDesk, 135 Hawaiʻi 468, 353 P.3d 1010 (2015), which relates to attorneys' fees, do not apply here. There is no requirement that the Petition must have been filed with "bad faith" or "malicious intent" for the circuit court to conclude that it is "patently frivolous." See HRPP Rule 40(i).

The purported lack of transcripts or access to the "Rules of Evidence Manual" also do not constitute "extraordinary

---

[2]     HRPP Rule 40(i) provides that the court is not required to refer a petition to the public defender if the claim is "patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner."

circumstances."  The courts are not required to provide transcripts to Smith in this case, and it is Smith's burden, as Appellant, to demonstrate error based on the record. Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995); State v. Murphy, 59 Haw. 1, 5 n.3, 575 P.2d 448, 452 n.3 (1978).

Finally, we note that the circuit court entered the Order after Smith filed the Rule 47 Motion, which undercuts Smith's assertion that the Order "withdrew potentially meritorious defenses against the waiver of the issues in the HRPP Rule 47 motion."

Smith fails to demonstrate the "extraordinary circumstances" necessary to justify his failure to assert ineffective assistance of  counsel in the Petition.  We therefore determine that the issue was waived pursuant to HRPP Rule 40(a)(3).

(4) The circuit court did not err in failing to enter FOF and COL with the Order.  HRPP Rule 40(g) requires the circuit court to enter FOF and COL only if the circuit court does not dismiss a petition as "patently frivolous."  Domingo v. State, 76 Hawaiʻi 237, 243, 873 P.2d 775, 781 (1994).  Here, the Amended Order states the Rule 47 Motion was "patently frivolous

and without a trace of support in the record." Thus, FOF and COL were not necessary.

For the foregoing reasons, we affirm the Order.

DATED: Honolulu, Hawaiʻi, January 10, 2025.

On the briefs:

Dexter J. Smith,
Self-represented
Petitioner-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge