**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-23-0000040**
**08-AUG-2025**
**09:16 AM**
**Dkt. 48 MO**

NO. CAAP-23-0000040

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CRANDALL PENAFLOR, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2PR181000006)

**MEMORANDUM OPINION**
(By: Nakasone, Chief Judge, Hiraoka and McCullen, JJ.)

Crandall **Penaflor**, representing himself, appeals from the denial of his fourth Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 nonconforming petition for post-conviction relief.[1] We affirm.

BACKGROUND

On May 21, 1990, a grand jury indicted Penaflor for Burglary in the First Degree; two counts of Terroristic Threatening in the First Degree; Kidnapping; Robbery in the First Degree; and two counts of Sexual Assault in the First Degree. His trial was video-taped instead of contemporaneously transcribed by a court reporter. A jury found him guilty as charged of burglary, both counts of terroristic threatening, and both counts of sexual assault. The jury also found him guilty of

---

[1] The Honorable Peter T. Cahill presided.

kidnapping, but found he released the person kidnapped alive and not suffering from serious or substantial bodily injury in a safe place prior to trial.  That finding reduced Kidnapping from a class A to a class B felony.  HRS § 707-720(3) (Supp. 1989).  He was found not guilty of robbery.  He was sentenced to consecutive terms of 20 years for each count of sexual assault, 10 years for burglary, 10 years for kidnapping, and 5 years for each count of terroristic threatening — a total of 70 years.[2]

### Direct Appeal

Penaflor appealed his conviction.  The supreme court affirmed.  State v. Penaflor, No. 15629, 1992 WL 213874 (Haw. Aug. 26, 1992) (mem. op.) (**Penaflor I**).

### First HRPP Rule 40 Petition

On January 22, 1998, Penaflor filed his first HRPP Rule 40 petition.  See Penaflor v. Mossman, 141 Hawaiʻi 358, 360, 409 P.3d 762, 764 (App. 2017).  He argued his attorney had provided ineffective assistance, his convictions were obtained through perjured witness testimony, and the jury was biased against him.  The petition was denied without a hearing because Penaflor failed to establish ineffective assistance of counsel and had waived his remaining claims by failing to raise them on direct appeal.[3]  Penaflor did not appeal.

### Motion to Correct Illegal Sentence

On February 28, 2000, Penaflor moved for correction of illegal sentence under HRPP Rule 35.  The Circuit Court denied the motion.[4]  Penaflor appealed.  We reversed the conviction for terroristic threatening against the female kidnapping victim

---

[2]     The Honorable Boyd P. Mossman presided.

[3]     The Honorable Boyd P. Mossman presided.

[4]     The Honorable Rhonda I.L. Loo presided.

because it merged with her kidnapping. State v. Penaflor, No. 23939, 2002 WL 31375566, at *1 (Haw. App. Oct. 21, 2002) (SDO) (**Penaflor II**), cert. denied, No. 23939 (Haw. Nov. 25, 2002).

### Second HRPP Rule 40 Petition

On September 11, 2006, Penaflor filed another HRPP Rule 40 petition. See Penaflor v. State, No. 28527, 2008 WL 2503259 (Haw. App. June 24, 2008) (SDO) (**Penaflor III**), cert. rejected, No. 28527 (Haw. Oct. 14, 2008). He argued, among other things, that the trial court used a videotape recorder instead of a court reporter, and he was improperly denied appointment of "counsel to consult with an 'Expert Video Tape Recorder' which there was [sic] numerous errors and missing portions" of the trial record. Id. 2008 WL 2503259, at *1. The Circuit Court denied the petition without a hearing.[5] Penaflor appealed. We held that "Penaflor's claims of trial court error in . . . the use of videotape recording of the trial proceedings were waived as they were not raised in his direct appeal or in his First [HRPP Rule 40] Petition." Id. 2008 WL 2503259, at *3.

### Appeal from Amended Judgment

On December 22, 2009, after Penaflor II reversed one of the terroristic threatening convictions, the Circuit Court entered an amended judgment that reduced Penaflor's sentence by five years, to a total of 65 years.[6] Penaflor appealed, challenging his consecutive sentences. State v. Penaflor, No. 30313, 2011 WL 716199 (Haw. App. Feb. 25, 2011) (SDO) (**Penaflor IV**), cert. rejected, No. SCWC-30313, 2011 WL 2165128 (Haw. June 2, 2011). We affirmed. Id. The supreme court rejected Penaflor's application for writ of certiorari.

---

[5]    The Honorable Shackley F. Raffetto presided.

[6]    The Honorable Shackley F. Raffetto presided.

### Federal Writ of Habeas Corpus

On January 20, 2012, Penaflor petitioned the federal district court in Hawaiʻi for a writ of habeas corpus. See Penaflor v. Thomas, Civ. No. 12-00050 LEK-BMK, 2012 WL 1802468 (D. Haw. May 17, 2012). He challenged the imposition of consecutive sentences and claimed his trial and appellate counsel were ineffective. The federal court denied his petition. Id. at *6-8.

### Civil Lawsuit

On March 25, 2014, Penaflor sued Judge Mossman, the deputy prosecuting attorney who prosecuted his criminal case, his defense attorney, and the County of Maui. See Mossman, 141 Hawaiʻi at 362, 409 P.3d at 766. He alleged several claims, including malicious prosecution, false imprisonment, and ineffective assistance of counsel. The Circuit Court dismissed his complaint.[7] He appealed. We affirmed, holding that his claims against Judge Mossman were barred by judicial immunity, id., at 362-63, 409 P.3d at 766-67, and his claims against the other defendants could not be maintained because "a criminal defendant who has failed to overturn his or her conviction cannot file a civil suit based on claims that necessarily imply the invalidity of the conviction." Id. at 364, 409 P.3d at 768.

### Third HRPP Rule 40 Petition

On February 3, 2021, Penaflor filed a third HRPP Rule 40 petition. See Penaflor v. State, No. CAAP-21-0000655, 2023 WL 8518010 (Haw. App. Dec. 7, 2023) (SDO) (**Penaflor V**). He again challenged the imposition of consecutive sentences, and argued the sentencing court improperly considered his refusal to admit guilt or remorse as a factor during sentencing. The Circuit Court denied the petition without a hearing because

---

[7]     The Honorable Peter T. Cahill presided.

Penaflor's claims were either previously ruled on or waived.[8]  We affirmed because Penaflor's consecutive sentences claim had been ruled on in Penaflor IV, and his "remorse" claim had been ruled on in Penaflor I.  Penaflor V, 2023 WL 8518010, at *4-5.

Penaflor also claimed his consecutive sentences were illegal under the Eighth Amendment to the United States Constitution and article I, section 12 of the Hawaiʻi Constitution.  We held that Penaflor failed to show his punishment was "clearly and manifestly" cruel and unusual, or that his sentence was "so disproportionate to the conduct proscribed and is of such duration as to shock the conscience of reasonable persons or to outrage the moral sense of the community."  Penaflor V, at *6 (citing State v. Solomon, 107 Hawaiʻi 117, 131, 111 P.3d 12, 26 (2005) and State v. Kahapea, 111 Hawaiʻi 267, 282, 141 P.3d 440, 455 (2006)).

### Fourth HRPP Rule 40 Petition

Penaflor filed a *Motion to Reconstruct, Modify, or Supplement the Missing Portions of the Trial Records* on July 5, 2018.  He claimed the court reporter who transcribed his trial videotapes "'did not' obtain some of the vital testimony(s) [sic] given by" a police detective and the female victim.  He summarily argued the testimony was "perjured" and "totally inaccurate, and contradictory."  (Underscoring omitted.)  He claimed his defense counsel was ineffective "for not even trying to persuade the reviewing Appellate Court(s), [sic] that what was missing from the Tape's [sic], would be a prima facie indication of an error, or it would have demonstrated the unfairness of Penaflor's trial."  (Underscoring omitted.)  He also moved for appointment of counsel.

On April 2, 2019, the Circuit Court construed Penaflor's motion to be a nonconforming HRPP Rule 40 petition.  It ordered the State to respond by June 14, 2019.  On April 22,

---

[8]     The Honorable Peter T. Cahill presided.

2019, Penaflor moved to add a claim that the trial judge told him "that he is to only answer the questions that the Prosecutor ask [sic] him."

The Circuit Court denied Penaflor's motion for appointment of counsel without prejudice. On September 3, 2019, the Circuit Court ordered Penaflor to "specify the portions of the proceedings that he claims are 'missing,' inaccurately transcribed, or just plain wrong." Penaflor was also ordered to file a "declaration or statement describing what portions of the record he now has, has access to, or has . . . accessed in the past." The Court set a deadline of December 2, 2019. The Court granted Penaflor an extension of time to May 2, 2020.

Penaflor filed his declaration on April 27, 2020. He stated, "there are phonics, technical diffculties [sic], no-audible responses, tape went blank, and many inaudibles. A total of 620." He didn't describe portions of the record he has, has access to, or had accessed. The Court construed the declaration as a motion for reconsideration; its April 27, 2020 order denying reconsideration stated:

> [Penaflor] states that there are 620 places in the record where there are inaudibles, blanks or technical difficulties but fails to state with **ANY** specificity what they are, how they made a difference to the jury's verdict, and why he has not provided this information in his numerous prior filings.

Penaflor appealed from the April 27, 2020 order. We dismissed the appeal for lack of jurisdiction. Penaflor v. State, No. CAAP-20-0000384, 2021 WL 1392214 (Haw. App. Apr. 13, 2021) (order).

On May 4, 2021, the Circuit Court sent Penaflor a compact disc containing the trial and sentencing transcripts. The Court gave Penaflor until July 30, 2021 to amend his petition to explain "the facts and evidence supporting his claims for relief." The Court gave the State until August 31, 2021 to respond. Penaflor requested, and received, an extension to

September 1, 2021.  The State's response was due within 30 days of Penaflor's filing.

Penaflor filed *Petitioners* [sic] *Supplemental Pleading* on September 10, 2021.  On September 15, 2021, he moved to add two exhibits.  The Circuit Court allowed the amendment.  The State responded on October 8, 2021.  On May 24, 2022, Penaflor moved for entry of a new exhibit — a copy of a Court of Appeals of Alaska memorandum opinion — into the record.[9]

The Circuit Court entered the *Order Denying Nonconforming Rule 40 Petition* on August 12, 2022.  The **Final Judgment** for the State was entered on August 25, 2022.  This appeal followed.

## DISCUSSION

Penaflor's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**).  To promote access to justice, we do not automatically foreclose self-represented litigants from appellate review if they don't comply with court rules.  Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  We address what we discern to be Penaflor's arguments.

We review the denial of an HRPP Rule 40 petition without a hearing de novo, under the *right/wrong* standard.  Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).  Generally,

> a hearing should be held on a Rule 40 petition for post-conviction relief where the petition states a colorable claim.  To establish a colorable claim, the allegations of the petition must show that if taken as true the facts alleged would change the verdict, however, a petitioner's conclusions need not be regarded as true.

Id.  That is subject to HRPP Rule 40(a)(3), which states:

---

[9]     The Alaska decision concerned the murder of a person with the same name as the male victim in Penaflor's case.

7

> Rule 40 proceedings shall not be available and relief thereunder shall not be granted where the issues sought to be raised have been previously ruled upon or were waived. Except for a claim of illegal sentence, an issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this rule, and the petitioner is unable to prove the existence of extraordinary circumstances to justify the petitioner's failure to raise the issue. There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure.

**(1)** Penaflor appears to contend the Circuit Court erred by treating his motion to reconstruct, modify, or supplement the trial record as a nonconforming HRPP Rule 40 petition. He argues he filed his motion under HRAP Rule 10(e), concerning correction or modification of the record. But HRAP Rule 10(e) applies only to "proceedings in the Hawaiʻi appellate courts[.]" HRAP Rule 1(a).

Penaflor states, "after completion od [sic] correcting the Circuit Court records, then he would file a [sic] HRPP Rule 40 Petition." HRPP Rule 40(c)(2) allowed the Circuit Court to accept Penaflor's motion for filing and treat it as a petition for post-conviction relief to allow review of Penaflor's arguments, despite Penaflor citing the wrong rule. The Circuit Court did not err by doing what was allowed under HRPP Rule 40(c)(2).

**(2)** Penaflor contends the Circuit Court abused its discretion by applying HRPP Rule 40(a)(3), (f) & (g)(2) because he filed an HRAP Rule 10(c) & (e)(2)(A) motion to correct the record, not an HRPP Rule 40 petition. HRAP Rule 10 does not apply in the circuit court. The only rule that could have afforded Penaflor the relief he sought was HRPP Rule 40.

The Circuit Court did not completely deny Penaflor relief under HRPP Rule 40(a)(3) (issues sought to be raised have been previously ruled upon or were waived). The court ruled:

> [Penaflor] claims that the trial record is "incomplete and not correct due to all the missing testimony given

8

during a hearing outside the presence of the Jury Panel." [Penaflor] argues that rebuttal testimony of [a police detective and the two victims] were missing from the trial record. A review of the entire transcript of the trial court proceedings shows no missing testimony. [The female victim] did not testify during rebuttal. [The detective] and [the male victim] did testify as rebuttal witnesses with the jury present. In reviewing the transcript, the breaks during the trial . . . do not indicate that testimony is missing. In viewing the entire transcript, the Court finds no break in the testimony to indicate any missing testimony. Thus, since there is no missing testimony, the outcome was not affected. Furthermore, the bench conferences held outside the presence of the jury have all been transcribed.

. . . .

[Penaflor] also claims [the female victim], at a rebuttal hearing without the Jury present in the courtroom, admitted that she lied to the detectives and Grand Jury. [Penaflor]'s claim is patently frivolous and without a trace of support in the record. A review of the record showed that [the female victim] did not testify as a rebuttal witness. As such, [Penaflor]'s allegation is not a colorable claim. In any event, a discussion outside the presence of the Jury does not mean it is not part of the trial record. Furthermore, [Penaflor] has not shown that his allegations, if taken as true, would have changed the verdict.

[Penaflor] also alleges that the record is missing the trial court Judge's admonition to him during cross-examination to only answer the Prosecution's questions and striking his testimony. Stricken testimony is noted in the record. The Jury was instructed correctly not to consider stricken testimony. [Penaflor]'s allegation shows no colorable claim because a nonresponsive answer is objectionable and can be stricken by the court.

. . . .

The Court has received, read, and reviewed the Nonconforming Rule 40 Petition, supporting and opposing memoranda, as well as the entire transcript of the trial court proceedings. After reviewing the transcript in its entirety, the Court finds that the few inaudible sections of the transcript did not impact trial or empaneling of the jury. Almost all inaudible portions occurred during jury selection. The record does not disclose that [Penaflor] had been deprived of his ability to challenge any prospective juror for cause.

A review of the entire transcript does not show any breaks in the testimony that would indicate anything is missing. After examining the entire record of the trial court proceedings, including comparing the court clerk's minutes with the trial transcript, the Court concludes as a matter of law that [Penaflor]'s allegations of missing testimony and hearings held outside the presence of the jury show no colorable claim. [Penaflor]'s claims are patently frivolous and without trace of support either in the record or from other evidence submitted by [Penaflor]. [Penaflor]

9

> failed to provide the court with anything that warrants the requested relief.  Thus, the Court hereby DENIES the Petition without a hearing.

(Citations to record omitted.)  Penaflor points to nothing in the record showing the Circuit Court was wrong.

The Circuit Court also ruled:

> [Penaflor]'s other allegations of perjured testimony, compelled testimony, judicial misconduct, prosecutorial misconduct, and ineffective assistance of counsel were previously raised and ruled upon, or waived.  Such allegations also have nothing to do with the current issue in his Rule 40 Petition that the transcript is inaccurate or incomplete.  There is **NO** evidence that the participants engaged in a conspiracy to deprive [Penaflor] of his constitutional right to a fair trial as he suggests.

The record on appeal and the decisions in Penaflor I, Penaflor II, Penaflor III, Penaflor IV, and Penaflor V show that the Circuit Court was right.

**(3)**  Penaflor argues the Circuit Court should have disregarded the State's responses to his filings because the State failed to file them by June 14, 2019, contrary to the court's April 2, 2019 order.  But Penaflor moved to amend his motion on April 22, 2019.  The Court granted Penaflor leave to amend several times.  Penaflor filed his *Supplemental Pleading* on September 10, 2021.  The State responded on October 8, 2021, within the 30-day deadline set by the Court's June 25, 2021 order granting Penaflor's last motion for extension of time.  Penaflor's argument is not persuasive.

**(4)**  Penaflor contends the Circuit Court erred by denying his motion for appointment of counsel.  We review for abuse of discretion.  See State v. Levi, 102 Hawaiʻi 282, 288–89, 75 P.3d 1173, 1179–80 (2003).

HRPP Rule 40(i) requires the circuit court to refer an indigent petitioner to the public defender for representation unless "the petitioner's claim is patently frivolous and without trace of support either in the record or from other evidence submitted by the petitioner."  Here, the Circuit Court ruled that

10

Penaflor's claims (that were not either previously ruled on or waived) were "patently frivolous and without trace of support either in the record or from other evidence submitted by [Penaflor]."  The Court's ruling was right.  The Court did not abuse its discretion by denying Penaflor's motion for appointment of counsel.

**CONCLUSION**

The claims presented in Penaflor's nonconforming fourth HRPP Rule 40 petition were previously ruled on, waived, or patently frivolous and without trace of support either in the record or from other evidence submitted by Penaflor.  The *Final Judgment* entered by the Circuit Court of the Second Circuit on August 25, 2022, is affirmed.

DATED: Honolulu, Hawaiʻi, August 8, 2025.

On the briefs:

Crandall Lee Penaflor,
Self-represented
Petitioner-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney
County of Maui,
for Respondent-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge