BARRY CHUNG, Prosecuting Attorney, City and County of Honolulu,- State of Hawaii, Petitioner, *v.* THOMAS S. OGATA, Judge, Circuit Court, First Circu't, State of Hawaii, and GUY CONTEMPLO, Respondents

No. 5260

February 25, 1972

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

This matter is before us on a petition of the prosecuting attorney of the city and county of Honolulu for a writ of prohibition directed to Judge Thomas Ogata and Guy Contemplo prohibiting them from taking any action to enforce an order entered by Judge Ogata on January 17, 1972, at the instance of Contemplo.

Judge Ogata is a judge of the first circuit court. Contemplo has a preliminary examination pending in the Honolulu district court upon a charge of possession of narcotic drugs.[1]

The order entered by Judge Ogata prohibits the prosecuting attorney from seeking Contemplo's indictment for any

---

[1] Under HRS § 329-5, possession of narcotics is a felony.

charges based upon a search of the premises where Contemplo was living on December 9, 1971, until Contemplo is afforded a preliminary examination.

The facts presented to this court with the petition are fragmentary. But they may be pieced together as follows: On December 9, 1971, the police searched the premises where Contemplo was living, and found some narcotic drugs; Contemplo and three others were arrested, charged in the district court with the possession of the narcotics, and released on bail; the district court set the preliminary examination of the four persons for the morning of January 6, 1972; on the morning of January 6, 1972, the three persons other than Contemplo were ready for the preliminary examination and the district judge found the existence of probable cause as to them, but Contemplo did not have an attorney and the judge continued the examination in his case to February 2, 1972; Contemplo retained the attorney, who is presently representing him, in the afternoon of January 6, 1972; after he was retained, the attorney never sought a resetting of Contemplo's preliminary examination to an earlier date; however, about a week after he was retained, the attorney became apprehensive that the prosecuting attorney might present Contemplo's case to the grand jury for indictment on January 20, 1972; consequently, on January 14, 1972, he filed in the first circuit court a document entitled "MOTION FOR AN ORDER PROHIBITING INDICTMENT", and succeeded in having Judge Ogata enter the order in question; in entering the order, Judge Ogata treated the document filed by Contemplo's attorney as a complaint in the nature of a bill for injunction.

The petition here and the proceedings in the circuit court raise some procedural problems. But we will cut through these problems and get at the central issue in the case.

The issue is whether, in the situation recited above, Contemplo is entitled to have his right to a preliminary examination preserved inviolate and not to have it rendered nugatory by a return of indictment before the holding and completion of the examination.

The right to a preliminary examination is not a constitutional right. This proposition is not contested.

This court held in *State v. Tominaga*, 45 Haw. 604, 372 P.2d 356 (1962), and reiterated in *Engstrom v. Naauao*, 51 Haw. 318, 459 P.2d 376 (1969), that the real purpose of a preliminary examination is to prevent a person from being held in custody without a prompt determination of probable cause, and no purpose remains for conducting such examination if the grand jury returns an indictment.

In *Coleman v. Alabama*, 399 U.S. 1, 9 (1970), the United States Supreme Court stated with respect to a similar holding of an Alabama court: "This court is of course bound by this construction of the governing Alabama law".

A person who has been indicted by the grand jury without being first charged in the district court is not entitled to a preliminary examination. *Crump v. Anderson*, 352 F.2d 649 (D.C.Cir. 1965); *United States v. Luxenberg*, 374 F.2d 241 (6th Cir. 1967).

It is urged upon us that the holding of this court should be reconsidered for two reasons: first, a preliminary examination serves a purpose additional to a determination of probable cause, namely, that of discovery; and, second, to permit the right to a preliminary examination to be rendered nugatory by a return of indictment is inconsistent with H.R.Cr.P. Rules 5(d)(1) and 5(d)(2), and Rule 25(a) of the District Court Rules of Penal Procedure.

With respect to the first reason, the notion that discovery is an additional purpose of a preliminary examination appears to have originated in the following dictum of Judge McGowan in *Blue v. United States*, 342 F.2d 894, 901 (D.C.Cir. 1964):

"It has generally been thought that the purpose of a preliminary hearing is to afford the accused (1) an opportunity to establish that there is no probable cause for his continued detention and thereby to regain his liberty and, possibly, escape prosecution, and (2) a chance to learn in advance of trial the foundations of the charge and the evidence that will comprise the government's case against him."

However, in *Ross v. Sirica,* 380 F.2d 557, 563 (D.C. Cir. 1967), Judge McGowan filed a joint statement with Judge Leventhal, which contains the following paragraph:

"The focus of the solicitude embodied in the procedural device of the preliminary hearing is the liberty of the accused. Should it be taken away from him because there is probable cause to believe that he has committed a crime for which the grand jury will indict? *To the extent, that the prosecution is put to its proof of such probable cause, the accused in effect gets discovery of that much of the Government's case as is comprised of the evidence it adduces to establish probable cause. But that is an inevitable consequence of the hearing, and not its primary purpose.* It may well be that there is language in the *Blue* opinion which obscures this true relationship of discovery to probable cause. But, however cloudy or misconceived that language may be, the relationship, as it is given to us to understand it, is as described above." (Emphasis supplied)[2]

*Sciortino v. Zampano,* 385 F.2d 132 (2d Cir. 1967), *cert. den.* 390 U.S. 906 (1968), represents the prevailing view on the question under discussion.

---

[2]The joint statement by Judge McGowan and Judge Leventhal also contains the following paragraphs which are pertinent to the question:

"It is our belief that discovery in criminal cases should be substantially enlarged, and we regret that those who had the drafting of the Federal Rules in charge did not go beyond the amendments effective July 1, 1966. But the preliminary hearing is neither a proper nor an adequate substitute for the more comprehensive discovery which we think those Rules should be enlarged to provide. We see no reason why the scope of the discovery available to a defendant should turn on whether he has been proceeded against in the first instance by complaint before a magistrate or by grand jury indictment.

"We believe that discovery in criminal cases should stand on its own feet. It should not be inextricably entwined in the process of establishing probable cause, but should be designed to facilitate an exchange of information making the trial a more rational method of determining the truth. As such, discovery should be available to all defendants, including those whose arrest following indictment takes them out of the Rule 5 preliminary hearing process, and including those who for one reason or another do not get a preliminary hearing." (Ross v. Sirica, supra at 565).

In that case, the petitioner sought the issuance by the court of appeals of an order in the nature of a writ of mandamus directing the district court to order the United States commissioner to conduct a preliminary examination. The following events preceded the filing of the petition: Petitioner's counsel asked the government to agree to a continuance of preliminary examination until July 11, 1967, because his associate, who would be handling the case, was out of the state; the government consented, but announced that it would present the case to the grand jury on July 10, and that, if an indictment was returned, it would contend that the commissioner no longer had the power to hold a preliminary hearing; on July 10, the petitioner moved for an order enjoining the United States attorney from presenting the case to the grand jury; the motion was denied, and, later that day, the grand jury returned an indictment; on July 11, the commissioner continued the hearing until July 24, but, just prior to the scheduled hearing, granted the government's motion for adjournment.

In denying the issuance of the requested order, the court of appeals stated at page 133:

"We cannot agree to elevating into a right to be enjoyed by an accused the pure fortuity that where a preliminary hearing is held there is necessarily some discovery of the government's evidence. It is quite clear from the logic as well as the history of the procedure that discovery is *not* one of its purposes."

With respect to the second reason, H.R.Cr.P. Rule 5(d)(1) provides that the district judge shall inform a person, who has been charged in the district court with the commission of a felony, of his right to have a preliminary examination; and Rule 5(d)(2) provides that the district judge shall hear the evidence within a reasonable time, if a person who is entitled to a preliminary examination does not waive such examination. Rule 25(a) of the district court rules reiterates the provisions of H.R.Cr.P. Rules 5(d)(1) and 5(d)(2). H.R.Cr.P. Rules 5(d)(1) and 5(d)(2) correspond substantially to Rules 5(b) and 5(c) of the federal criminal rules.

We see no inconsistency between the holding of this court and the mentioned rules. Those rules apply only to proceedings in the district courts and before district judges. No provision thereunder applies to proceedings in the circuit courts. Indictments in the circuit courts are governed by H.R.Cr.P. Rules 6 and 7. There is nothing in those rules which prohibits the grand jury from considering cases as to which preliminary examinations are pending in the district courts.

The petition of the prosecuting attorney will be granted and an order will be issued directing Judge Ogata to set aside his order of January 17, 1972, mentioned in the petition.

*Douglas L. Halsted,* Deputy Prosecuting Attorney, for petitioner.

*James T. Leavitt, Jr. (Leavitt and Hall* of counsel) for respondent Guy Contemplo.

*Robert P. Jaress,* Deputy Attorney General, for respondent Judge Ogata.

#### CONCURRING OPINION OF KOBAYASHI, J.

I disagree with the reasoning of the majority.

This case can be disposed of in a very succinct manner. I am of the opinion that the circuit court has ample jurisdiction and power to entertain and rule upon the request made by respondent Contemplo. HRS §§ 603-21(1), 603-25, 603-26. (Note of interest re injunction in a criminal case—*see Kleinjans v. Lombardi,* 52 Haw. 427.)

However, I will set aside the order of injunction for the reason that respondent Contemplo failed to show irreparable harm. Respondent Contemplo's failure to seek an earlier date for a preliminary hearing coupled with a concern that he may not get a preliminary hearing before indictment is certainly insufficient to show any irreparable harm. Contemplo's concern was merely anticipatory with no showing of substantive irreparable harm. Furthermore, he was guilty of neglect in not seeking an earlier hearing.

The issue is not a question of inviolate constitutional right of the criminal defendant. The issue is simply whether, under the facts of the case, the respondent criminal defendant was entitled to the injunction.

*State v. Tominaga*, 45 Haw. 604, 372 P.2d 356 (1962) can easily be distinguished from the instant case. In *Tominaga* the question was the grand jury's right and power to return an indictment. However, in the instant case the injunction dealt with the right and power of the prosecutor to appear before the grand jury to seek an indictment.