**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000008
29-MAR-2021
07:53 AM
Dkt. 76 SO**

NO. CAAP-19-0000008

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KIRK LANKFORD, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 16-1-2309)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Petitioner-Appellant Kirk Lankford (**Lankford**), self-represented, appeals from the Order of Dismissal Without Prejudice (**Dismissal Order**), entered on October 29, 2018, and Judgment; Notice of Entry of Judgment (**Judgment**), entered on November 23, 2018, in the Circuit Court of the First Circuit (**Circuit Court**), in Civil No. 16-1-2309-08.[1] Lankford also challenges, *inter alia*, the Circuit Court's December 27, 2016 Order Directing That all Documents Filed Under S.P.P. No. 13-1-0007 be Forwarded to the Clerk of the First Circuit Court to be

---

[1] The Honorable Virginia L. Crandall presided.

Processed as a Civil Proceeding (**Transfer Order**) in S.P.P. No. 13-1-0007.[2/]

Lankford raises three points of error on appeal, contending that the Circuit Court erred in: (1) failing to appoint counsel, or to rule on his motion to appoint counsel, to represent him in conjunction with his March 5, 2013 Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for [sic] Custody, which was filed pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40 (**Rule 40 Petition**), which was filed in S.P.P. No. 13-1-0007; (2) treating the Rule 40 Petition as a civil complaint and transferring it to a civil proceeding; and (3) dismissing the civil action pursuant to Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 41(b)(2).

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lankford's points of error as follows:

As the State of Hawaiʻi (**State**) acknowledges in the Answering Brief filed by the State Attorney General, the Circuit Court's dismissal of the complaint must be vacated because Lankford filed the Rule 40 Petition seeking various post-conviction relief pursuant to HRPP Rule 40(a), and there is no support in the record for the Circuit Court's transfer of the

---

[2/]      The Honorable Christine E. Kuriyama presided.

Rule 40 Petition to the regular civil calendar to be treated as a civil complaint. The Rule 40 Petition raises twelve claims, all of which either allege the "illegality of judgment" or the "illegality of post-conviction 'custody' or 'restraint,'" and are thus properly raised under HRPP Rule 40. See HRPP Rule 40(a)(1) (a)(2) & (c)(3). Therefore, the Circuit Court erred in entering the Transfer Order and in dismissing Lankford's claims for post-conviction relief without considering the Rule 40 Petition in accordance with, *inter alia*, HRPP Rule 40(f).

In addition, although the constitutional right to counsel does not generally extend to post-conviction proceedings, a court may exercise its discretion to appoint counsel. See HRPP Rule 40(i) (regarding appointment of counsel for indigent representation "provided that no such referral need be made if petitioner's claim is patently frivolous and without a trace of support"); Engstrom v. Naauao, 51 Haw. 318, 321, 459 P.2d 376, 378 (1969); see also State v. Levi, 102 Hawaiʻi 282, 288, 75 P.3d 1173, 1179 (2003). In any case, Lankford is entitled to a ruling on his March 5, 2013 Application for Appointment of Counsel. See, e.g., Tierney v. Perkins, SCPW-12-0000833, 2012 WL 5272272, *1 (Haw. Oct. 24, 2012) (Order) (denying petition for writ of mandamus, but noting that HRPP Rule 40 petitioner is entitled to a ruling on his motion to appoint counsel); Sakuma v. Ayabe, SCPW-12-0001057, 2012 WL 6929416, *1 (Haw. Jan. 24, 2012) (Order)

(denying petition for writ of mandamus but finding petitioner is nonetheless entitled to a ruling on pending motions).

For these reasons, the Circuit Court's November 23, 2018 Judgment and October 29, 2018 Dismissal Order in Civil No. 16-1-2309-08 are vacated, and this case is remanded to the Circuit Court.  Upon remand, the Circuit Court is directed to take all actions necessary to transfer or restore, *inter alia*, the Rule 40 Petition to the appropriate case and calendar to be considered pursuant to HRPP Rule 40.  Upon the transfer or restoration of this matter to the proper case and calendar, the Circuit Court is further directed to consider Lankford's March 5, 2003 Application for Appointment of Counsel, in conjunction with its consideration of the Rule 40 Petition.

DATED: Honolulu, Hawaiʻi, March 29, 2021.

On the briefs:

Kirk Lankford,
Petitioner-Appellant *Pro Se.*

Lisa M. Itomura,
Deputy Attorney General,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge